```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

UNITED STATES OF AMERICA,    )
                             )
     Plaintiff,             )
                             )
  v.                         )   No. 4:08-CR-287 CEJ
                             )
ROBERT H. BANKS,             )
                             )
     Defendant.             )

**ORDER**

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge David D. Noce for determination and recommended disposition, where appropriate. On August 29, 2008, Judge Noce issued an Order and Recommendation with respect to the pretrial motions filed by defendant Robert H. Banks. The defendant thereafter filed timely objections to the magistrate judge's recommendations that his motion to dismiss the indictment and his motions to suppress evidence and statements be denied.

Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews *de novo* the findings and conclusions of the magistrate judge to which objections are made. In conducting its review, the Court has listened to the recording of the evidentiary hearing and reviewed the search warrant affidavit. Having done so, the Court concludes that the factual findings made by Judge Noce are supported by the evidence and that his legal conclusions are correct.

**I. Motion to Suppress Statements**

The testimony establishes that the defendant made statements to law enforcement officials during the execution of a search warrant at his residence on September 5, 2007. The facts relating to circumstances under which the statements were made are set forth at length in the Order and Recommendation. These facts are not in dispute. Rather, the defendant objects to the magistrate judge's application of the law to the facts.

The defendant argues that he should have been advised of his rights to remain silent and to counsel before being questioned by the police. The warnings described in Miranda v. Arizona, 384 U.S. 436 (1966), are required to be given only during custodial interrogations. Id. at 478-479. The issue before the Court is whether the interview of the defendant was custodial, that is, whether "there was a formal arrest or restraint on freedom of movement of the degree associated with formal arrest." Stansbury v. California, 511 U.S. 318, 321 (1994) (per curiam). In determining this issue, the Court considers whether the objective circumstances were such that a reasonable person would believe that he was not free to leave. See Berkemer v. McCarty, 468 U.S. 420, 442 (1984); United States v. LeBrun, 363 F.3d 715 (8th Cir. 2004)(en banc). Thus,

> [t]he "ultimate inquiry is simply whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." California v. Beheler, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (per curiam) (internal marks

omitted). "Two discrete inquiries are essential to the determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." Thompson [v. Keohane], 516 U.S. [99] at 112, 116 S.Ct. 457 [(1995)] (footnote omitted). Thus, the critical inquiry is not whether the interview took place in a coercive or police dominated environment, but rather whether the defendant's "freedom to depart was restricted in any way." [Oregon v.] Mathiason, 429 U.S. [492] at 495, 97 S.Ct. 711 [(1977)]. In answering this question, we look at the totality of the circumstances while keeping in mind that the determination is based "on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." Stansbury v. California, 511 U.S. 318, 322- 23, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994).

LeBrun, 363 F.3d at 720. See also United States v. Griffin, 922 F.2d 1343, 1349 (8th Cir. 1990) (factors to consider in determining whether an individual is in custody).

The facts of this case lead the Court to conclude that the defendant was not in custody during the execution of the search warrant on September 5, 2007, and therefore it was unnecessary for the Miranda warnings to be given. The defendant was told repeatedly that he was not under arrest, that he was free to leave while the search was being conducted, and that he did not have to answer any questions. For safety purposes, the defendant was told that he would have to stay near an officer if he chose to remain on the premises. The defendant elected to remain at the house. While the search was being conducted, the defendant had free access to the telephone and in fact used it to call his attorney. Under the

totality of circumstances, it cannot be said that a reasonable person would have believed that he was not free to leave or to terminate the interview with the police.

The defendant contends that the police elicited statements to him after he invoked his right to counsel. The defendant invoked his right to counsel during an encounter with agents of the Immigration and Customs Enforcement (ICE) agency on June 5, 2005. He was not in custody during that encounter. ICE agents were among the law enforcement officers who executed the search warrant and questioned the defendant at his home more than two years later, on September 5, 2007.

When a defendant in custody invokes his right to counsel, the police must cease all interrogation until counsel has been made available to him. Edwards v. Arizona, 451 U.S. 477, 484-485 (1981); Rhode Island v. Innis, 446 U.S. 291, 298 (1980). A defendant's Fifth Amendment right to counsel "continues through the duration of police custody." United States v. Arrington, 215 F.3d 855, 856 (8th Cir. 2000). However, this rule is inapplicable when the defendant is not in custody. Id. at 857.

Here, the defendant was not in custody, either at the time he invoked his right to counsel in June 2005 or when he was questioned by the police more than two years later in September 2007. Because the questioning occurred in a non-custodial setting, there was no violation of the defendant's right to counsel.

**II. Motion to Suppress Evidence**

The defendant objects to the magistrate judge's conclusion that there was probable cause for the issuance of the search warrant on August 31, 2007. He first argues that the information in the warrant affidavit relating to his alleged purchases of subscriptions to child pornography websites in 2002 and 2003 was "stale." The 2002 and 2003 subscriptions are described in a section of the affidavit under the heading "Previous Investigation of Robert H. Banks (DOB: 10/01/1940)," as part of the recitation of an earlier investigation of the defendant. It is clear that the facts relating to the subscriptions are provided only as background information, not as the sole basis for probable cause. The affidavit also contains information about the defendant's purchases of 30-day subscriptions to child pornography websites in October 2006. Further, the affidavit states that it is the customary practice of individuals who receive child pornography to maintain their collections for several years. Thus, there was sufficient recent information in the affidavit from which to reasonably conclude that evidence of a crime would be found at the time the warrant was to be executed.

The defendant next argues that the information in the affidavit was insufficient to establish probable cause because the affiant was unable to verify that the images on the websites subscribed to in October 2006 were of "actual minors." The defendant misstates the affiant's statement in the affidavit. The affiant stated that the websites contained images of "[n]umerous female minors" displayed

in a sexually suggestive manner, but none of the images could be matched "with known victims." Based on the information contained in the search warrant affidavit, the Court finds that there was a "fair probability" that contraband or evidence of a crime would be found at the defendant's residence. Illinois v. Gates, 462 U.S. 213, 238 (1983).

**III. Motion to Dismiss Indictment**

The indictment charges the defendant with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He asserts that he cannot be prosecuted under that statute in the absence of evidence that the images in question involved actual, identifiable children and, therefore, the indictment should be dismissed. See United States v. Bach, 400 F.3d 622 (8th Cir.), cert. denied, 546 U.S. 901 (2005). The defendant's assertion is a challenge to the sufficiency of the government's evidence, not to the legal sufficiency of the indictment. As such, it is premature and does not establish a basis for dismissing the indictment.

**IV. Conclusion**

For the foregoing reasons, the Court overrules the defendant's objections to the magistrate judge's findings of fact and conclusions of law. Further, the Court concludes that there is no factual or legal basis for suppressing the evidence or statements obtained from the defendant or for dismissing the indictment.

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Recommendation of United States Magistrate Judge David D. Noce is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motions of defendant Robert H. Banks to suppress evidence and statements [Doc. ## 10, 17, 18] and to dismiss the indictment [Doc. # 14] are **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of November, 2008.